UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| THOMAS FRANKLIN WOODY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 17-121-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants, | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Thomas Franklin Woody is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Woody has filed a complaint asserting a claim against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA") and claims against federal officers pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [D. E. No. 1] Woody has also filed a motion to proceed in forma pauperis. [D. E. No. 3]

The Court must conduct an initial screening of lawsuits filed by prisoners against government officials. 28 U.S.C. § 1915A. Because Woody filed this case prematurely, in the wrong court, and is ineligible to proceed as a pauper, the Court will exercise its discretion to dismiss this case. It will do so without prejudice to Woody's right to file a new case at the right time and in the proper venue.

1

In his complaint, Woody states that on July 22, 2017, he hurt his hand while exercising in the yard of the Federal Transfer Center in Atlanta, Georgia. When the pain didn't subside for several days, Woody sought medical attention. An x-ray performed on July 26, 2017 showed that he had fractured his left thumb. While prison officials expressed their intent to send him to an outside specialist, that did not occur. After nothing happened for a week, Woody obtained an ACE bandage and a metal brace to stabilize his hand while awaiting further treatment.

On August 16, 2017, Woody was transferred by bus to FCI-Ashland. He was given a medical screening upon arrival, at which time a nurse stated that he needed prompt surgery for his broken thumb. Six days later, Woody was taken to an outside hospital where surgery was performed to insert a pin into his thumb to stabilize the bone. [D. E. No. 1 at 3-6]

In his complaint, Woody contends that the failure by Atlanta prison officials to ensure prompt medical care for his injury, and the decision to transport him by bus without protection for his hand, constituted negligence and deliberate indifference to his serious medical needs in violation of the Eighth Amendment. All of the conduct about which he complains occurred in Atlanta, Georgia, and all of the named individual defendants are officers at the prison there. Woody asserts that Georgia law controls on the question of negligence. [D. E. No. 1 at 7-10] On September 25, 2017, Woody sent a letter requesting administrative settlement of

2

his claims to the Bureau of Prisons; he indicates that he has had no response as of October 31, 2017. [D. E. No. 1-17, 1-18]

As a preliminary matter, the Court must deny Woody's motion to proceed in forma pauperis because 28 U.S.C. § 1915(g) bars him from proceeding as a pauper. Woody has filed three or more cases as a prisoner that were dismissed as frivolous or for failure to state a claim. *Woody v. Francis*, No. 1: 07-CV-93-IMK (N.D. W.Va. 2007); *Woody v. Compr. Nursing, Inc.*, No. 2: 09-CV-2-RWS (N.D. Ga. 2009); *Woody v. Couch*, No. 2: 09-CV-10-WCO (N.D. Ga. 2009); *Woody v. Cronic*, No. 2: 09-CV-173-RWS (N.D. Ga. 2009). See *Woody v. Geo Group, Inc.*, No. 1: 10-CV-64-RWS (N.D. Ga. 2010) (noting that Woody was subject to the "three strikes" bar of § 1915(g)). Woody's claims relate solely to past – not present or future – medical care, and his allegations do not remotely suggest that he is in imminent danger of serious physical harm. To the contrary, he indicates that he received prompt and appropriate medical care upon his arrival at FCI-Ashland. He therefore falls outside the narrow scope of the exigent circumstances exception to § 1915(g)'s "three strikes" bar.

Ordinarily, the Court would afford Woody the opportunity to pre-pay the entire filing fee up front, as § 1915(g) only prevents him from paying it in installments. But other defects warrant dismissal of his complaint. This Court lacks personal jurisdiction over the officers living in Georgia for claims based

3

solely upon their conduct in that state. Cf. *Cardona v. Bledsoe*, 596 F. App'x 64, 66 (3d Cir. 2015); *Gowadia v. Stearns*, 596 F. App'x 667, 669 (10th Cir. 2014). And Georgia, not Kentucky, is the only proper venue for Woody's claims under *Bivens* and the FTCA. 28 U.S.C. §§ 1391(b), 1402(b).

Although not formally relevant at this stage, there is no indication that Woody made any effort to exhaust his *Bivens* claims by filing inmate grievances with the BOP before he filed suit. And it is plain that Woody filed suit before the BOP considered his request for administrative settlement, and hence his FTCA claim is clearly premature and must be dismissed. 28 U.S.C. § 2675(a).

Technically, Woody became liable for payment of the entire filing fee the moment he filed this case. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). This is still true even where § 1915(g) prevents him from proceeding in forma pauperis. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). That said, the Court will exercise its discretion to not order collection of the $400.00 filing fee. Woody's allegations are troubling, but he must present them to the right court after he has exhausted his administrative remedies under the FTCA, *Bivens*, or both.

Woody is cautioned that the indulgence the Court has afforded him by not ordering the filing fee collected from his account will be reconsidered if he persists in pursuing his claims in this case, whether by filing a motion to reconsider the dismissal of his complaint or by filing an appeal in this case. The present

4

complaint is plainly not proper for the reasons stated. The Court's dismissal of it – without prejudice – is designed to permit Woody to correct these defects and then file a new complaint asserting his claims in the proper place and time.

Accordingly, **IT IS ORDERED** that:

1. Woody's complaint [D. E. No. 1] is **DISMISSED WITHOUT PREJUDICE** for the reasons stated herein.

2. Woody's motion to proceed in forma pauperis [D. E. No. 3] is **DENIED AS MOOT**.

3. This matter is **STRICKEN** from the active docket.

This 8th day of November, 2017.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge